## STEMMERMANN v. LILIENTHAL.

1. CORPORATIONS—VOLUNTARY ASSOCIATIONS.—If an incorporated society permit its charter to expire, but keep up its organization and work, the individual members become the owners of its property and funds.

2. REMEDIES—IBID.—The right of action for obligations due a voluntary association is in the members, or the officers as agents of the members.

3. IBID.—IBID.—OFFICIAL BONDS—SURETIES.—Several members of a voluntary association may bring an action against a defaulting treasurer and his sureties for benefit of all.

4. IBID.—IBID.—IBID.—IBID.—The acceptance of the resignation of a treasurer of a voluntary association, and election of his successor without notice to his sureties, do not relieve them of liability for breach of his bond.

5. PLEADING—PRACTICE—ANSWER.—When demurrer is overruled on Circuit, and no application is then made for leave to answer over, the judgment below may be affirmed, and leave granted to answer over.

Before GARY, J., Charleston, January, 1898.    Affirmed.

Action by Albert Stemmermann, Gerhard Riecke, H. D. Stuhr, William C. F. Hesenkamp, F. Jordan, and E. H. Rickels, members and shareholders of the association conducting business under the name of the Deutscher Artillirie Unterstutzungs Verein, who sue on behalf of themselves and all other members and shareholders of said association, *v.* J. Fred Lilienthal, J. C. Blohme and H. Pauls. From judgment overruling demurrer, defendants, Blohme and Pauls, appeal.

*Messrs. Trenholm, Rhett & Miller,* for appellants, cite: *The complaint shows no legal right in the plaintiffs to enforce the obligation sued on:* 18 S. C., 471; 14 Stat., 321; 1 Hill, 153; 12 Rich., 554; 66 N. Y., 427; 22 Fed. R., 197. *Under the pleadings the suit should be brought in the name of the association, or its authorized officers:* Rev. Stat., 1772, 1776; 8 Mass., 103; 24 S. C., 45.    *Even if the legal*

*title and right of action are in the members, the action cannot be maintained by seven of them:* Code, 140; 24 S. C., 45; 2 Abb. Pr., 453; 4 Sand., 467. *Acceptance of an unconditional resignation varies the responsibility of the treasurer, and discharges the sureties:* 110 Mass., 163; 6 J. Scott, 550; 2 Keen., 638; 49 Cal., 131; 14 Nev., 293; 16 Nev., 327; 36 Minn., 439; 65 Tex., 258. *Defendant should have been permitted to answer over:* Code, 193; 28 S. C., 101; 27 S. C., 318.

*Messrs. Legare & Holman,* contra, cite: *Condition of bond being broken, right of action accrued to plaintiffs:* 18 S. C., 469. *Action properly brought by few for benefit of many:* Code, 140.

March 21, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. The appeal here is from an order of his Honor, Judge Ernest Gary, overruling the demurrer of the two defendants, J. C. Blohme and H. Pauls, to the plaintiffs' complaint. It will be well, therefore, to reproduce the complaint, which is ,as follows: "The plaintiffs above named, complaining on behalf of themselves and all others, members . and shareholders in the association, conducted under the name of the Deutscher Artillirie Unterstutzungs Verein, allege: I. That the plaintiffs above named, together with others, to wit: more than two hundred in number, now are, and were at the time hereinafter mentioned, members and shareholders in a certain association conducting its business under the name of the Deutscher Artillirie Unterstutzungs Verein. II. That the object and purposes of said association was and is to provide a fund for and to pay the burial expenses of a deceased member, and of the wife of a member; to pay annuities to the widows of deceased members, and for the payment of weekly allowances to sick members, and for other like purposes. III. That for the orderly conduct of its affairs and the transaction of its business, said

association has adopted certain rules and regulations, and among other things provides for the election of managing officers and committees, and for the appointment and election of a treasurer, who is entrusted with the safe keeping of the funds of said association; the said treasurer being required to enter into bond with sufficient sureties for the faithful performance of his duties, the same to be made in the name of the said association, to wit: the Deutscher Artillirie Understutzungs Verein, but nevertheless for the benefit and protection of the members of the said association and for the safe keeping of their funds. IV. That the defendant, J. Fred Lillienthal, having been elected treasurer of said association and society, and as such the custodian of its funds, the property of plaintiffs and other members of the said association and society, on the 27th day of April, A. D. 1895, made and delivered unto the plaintiffs and other members of said society his certain bond in writing, and under seal, dated on that day, with his codefendants, J. C. Blohme and H. Pauls, as sureties, the same being in the penal sum of $10,000, conditioned that, if the said J. Fred Lilienthal did and should well and faithfully perform all and singular the duties of treasurer of the plaintiffs, according to its constitution and by-laws, and any amendments that might be made thereto, for and during the term he should continue treasurer as aforesaid, by virtue of the election by which he then held said office, or any subsequent successive election or elections thereto; and until he should faithfully deliver all moneys or property which he had then or might thereafter receive as such treasurer to his successors in such office or to such other persons as the plaintiffs, or the authorized officers thereof, should direct; and should faithfully account for all moneys and properties thereafter received by him as such treasurer, or which he might thereafter receive as such; and should keep true and just accounts of all property belonging to the plaintiffs that might come into his hands; and should exhibit and submit to the plaintiffs, or to the person thereunto appointed by the same, his accounts and the vouchers therefor

whenever he should be properly requested; and should on his ceasing to be such treasurer, from any cause whatsoever, deliver up to his successor in office all of the moneys and property of the plaintiffs which might be found to remain, or which ought to be in his hands, and all that may be found due and owing by him, and his books of accounts and the vouchers thereto belonging; then the said obligation to be null and void, or otherwise it should remain in full force and virtue. A copy of which bond is hereto annexed as a part of this complaint, and to which reference is craved. V. That notwithstanding the fact that the said bond was made payable to the Deutscher Artillirie Understutzungs Verein, it was intended to secure the funds and money of the plaintiffs and the other members of the said association and society, and these plaintiffs are advised the same inures to the benefit of the plaintiffs and the other members of this society and association. VI. That the defendant, J. Fred Lilienthal, resigned his office as treasurer as aforesaid, on the 30th day of September, A. D. 1896, and thereupon his resignation was duly accepted, and William C. F. Hesenkamp, one of the plaintiffs above named, was duly elected and appointed to the office of treasurer, as successor of the said J. Fred Lilienthal as aforesaid, and that he duly qualified and entered upon the duties of his said office. VII. That at the time of the resignation of the said J. Fred Lilienthal, by virtue of his office as treasurer as aforesaid, he had in his hands of the monies and funds of the plaintiffs and other members of the said society, $4,334.62, no part of which has been paid. VIII. That the condition of said bond has been broken: (a) In that the defendant, J. Fred Lilienthal, after his said resignation and before the commencement of this action, upon being in writing required by the committee representing said society and association and these plantiffs and the other members as aforesaid, neglected and refused to pay over the money and funds in his hands as treasurer as aforesaid. (b) In that the said J. Fred Lilienthal has defaulted under said bond, and has neglected and refused to turn over

to his successor, as treasurer for the plaintiffs and other members aforesaid, the funds and money in his hands as aforesaid, for which a demand was duly made upon him. IX. That the members and shareholders in said society and association are very numerous, to wit: more than 200 in number, and that it is impracticable, therefore, to bring them all before the Court in this action; wherefore, the plaintiffs above named sue for the benefit of all. Wherefore, the plaintiffs pray judgment against the defendant: That the conditions of said bond are broken, and that they have judgment against the defendants jointly and severally for $4,334.62, together with the costs and disbursements of this action."

The defendant, J. Fred Lilienthal, made no answer or appearance. The other defendants submitted this demurrer: The defendant, J. C. Blohme, demurs to the complaint herein for the grounds that it appears upon the face of the complaint: I. That there is a defect of parties plaintiff in the omission of the Deutscher Artillirie Unterstutzungs Verein and all of the members and shareholders thereof. II. That the complaint does not state facts sufficient to constitute a cause of action as to this defendant.

Judge Gary handed down the following order: "The plaintiffs in this action are members of a voluntary association, and bring this action for the benefit of themselves and the other members of the association, to recover from the said Lilienthal, and the sureties on his bond, certain funds they allege is in his hands as the treasurer of the association. The defendant, Lilienthal, does not answer the complaint, but his codefendants and sureties as aforesaid demur to the complaint upon two grounds: 1st. That this action cannot be maintained by one or more of the members of said association for the benefit of all, and that in order to maintain this action all of the members of the association should be made parties. 2d. That the complaint shows on its face that the defendant, Lilienthal, resigned his office as treasurer of said association prior to the commencement of this action,

and his resignation having been formally accepted by the association, his sureties on his bond as treasurer thereof are, therefore, relieved from any liability on said bond. The section of the Code under which this action is brought is 140, and need not be quoted here at length. I think the test stated by Mr. Pomeroy truly states what actions may be maintained by one or more for the benefit of all. In his work on Code Practice, he says: 'The test would be to suppose an action in which all numerous persons were actually made plaintiffs or defendants, and if it could be maintained in that form, those ones might sue or be sued, on behalf of the others; but if such an actual joinder would be improper, the suit by or against one or a representative would be improper, notwithstanding the permission contained in this section of the statute.' It would seem from these tests that these plaintiffs have the right to maintain the action. The very contention of the defendant is, that the action is not brought in the name of all of the plaintiffs. It certainly could have been brought in the name of all. I, therefore, overrule this ground of demurrer. The second ground of demurrer must also be overruled. The complaint alleges that the condition of the defendant's bond is 'that if the said J. Fred Lilienthal will and shall well and faithfully perform all and singular the duties of the treasurer of the said plaintiffs according to its constitution and by-laws, and any amendments that might be made thereto for and during the term he should continue as treasurer as aforesaid by virtue of the election by which he held said office, *and until he should faithfully deliver all monies or property which he has, then had or might thereafter receive as such treasurer* to his successors in such office, or to such other person as the plaintiff or the authorized officers thereof should direct, *and should faithfully account for all monies and property theretofore received by him as such treasurer,* or which he might thereafter receive as such, and should keep true and just accounts of all property belonging to the plaintiffs that might come into his hands, and should exhibit and submit

to the plaintiffs, or to the person thereunto appointed by the
same, his accounts and the vouchers therefor whenever he
should be properly requested, *and should on his ceasing to be
such treasurer, from any cause whatsoever,* deliver up to his
successor in office all of the monies and property of the plain-
tiffs which might be found to remain or which ought to be in
his hands, and all that may be *found due and owing by him,*
and his books of accounts and the vouchers thereto belong-
ing, then the said obligations to be null and void, or other-
wise it should remain in full force and effect.' The com-
plaint alleges that there is money in the hands of Lilienthal
belonging to said association, which he has failed to turn
over after a written demand, that the conditions of his bond
have been violated. In deciding this ground of demurrer
we must assume these allegations to be true. Such being
the case, I fail to see wherein his bondsmen could claim that
they are relieved from liability when the conditions ex-
pressed in their obligations have been broken. The com-
plaint alleges that they have failed to carry out the expressed
conditions, and that the same has been breached. This being
the case, their liability would attach. It is, therefore,
ordered, that the demurrer be overruled."

The following were the grounds of appeal: "(1)
Because it appeared upon the face of the complaint that the
plaintiffs, as members and shareholders of said association,
possessed no several interest in the funds of the association,
and were not entitled to share therein or distribute the same
among themselves. That they possessed no title to the
fund, and nothing transmissible to their heirs or legal repre-
sentatives. (2) Because, if this be so, then the right to
maintain an action for the recovery of the funds, damages
for breach of the bond, the property of the association, was
either in the managing officers and committees alleged in the
complaint to exist, or in all of the members of the associa-
tion as a unit. (3) Because section 140 of the Code is in-
applicable to a case such as this; and even if applicable, it
appears on the face of the complaint that it is not impracti-

cable to make all members of the association parties but
merely *inconvenient,* which is not sufficient as a matter of
law to permit the adoption of this Code provision for the
pleading.   (4) Because the complaint failed to allege the
authority of the plaintiffs of record to sue.

Second exception.   The presiding Judge further erred in
overruling the demurrer of the defendants, H. Pauls and J.
C. Blohme, to the complaint in this action, in that it appeared
from the face of the complaint that the allegations thereof
did not allege sufficient facts to constitute a cause of action
against the said defendants, the several grounds of error on
the part of the presiding Judge being the following: (1)
Because it appears from said complaint that without the
knowledge of defendant's sureties, the association accepted
the resignation of Lilienthal as treasurer, and allowed him to
retain the funds of the association, in his individual capacity,
and not as an officer of the association, thereby varying the
responsibility of the said principal and operating to dis-
charge the defendants as sureties.   (2) Because no breach
of bond is alleged as occurring previous to such acceptance
of resignation, the default alleged being the refusal of Lilien-
thal after his resignation to turn over the funds, and the
action being grounded upon such alleged breach of bond.

Third exception.   That the presiding Judge erred in omit-
ting from his order overruling the demurrers herein permis-
sion to defendants to plead over to the complaint hereon
upon such terms as might be just."

Let us pass upon these exceptions in their order.   Excep-
tion 1 is divided into four subdivisions, as follows: Subdi-
vision (1). It seems to us that the relation of these 200
shareholders or members of this voluntary association to
such body and to each other, is not difficult of appre-
hension.   These gentlemen, when they first came
together, were governed by an act of incorporation
from our General Assembly.   Their aims were most praise-
worthy—to care for the sick, bury the dead, &c., among
their membership.   After a while they were careless, and

did not ask the legislature for a renewal of their charter, but their aims were the same whether acting under a charter or without one.   Certainly, if all the members should consent, a dissolution of such a body might be had, and a division of the funds amongst the membership.  This would show that in the last analysis of the relation of each individual member to the association, individual several rights might exist. Unquestionably, after their charter expired, each member possessed some title to whatever property was held and owned by the association.

Subdivision (2). Well, suppose it be admitted that the title to the money and other property owned by this association did reside in the whole membership, and, from our standpoint, such whole membership would be regarded as a unit; or suppose it be admitted that the title was in certain officers of the association, such admissions would not destroy a right of action for the recovery of any property improperly taken from the association by the members of such association.   It must always be remembered that an officer of an association is but the agent of the principal, to wit: the whole membership of the association.

Subdivision (3). We think, if there ever was a case where the wisdom of section 140 of the Code was illustrated, it is just this case.   The idea of 200 members being made plaintiffs in an action to have a defaulting treasurer and his sureties make whole a fund of money set apart to be applied to objects of mercy, when a half dozen bring the suit for themselves and all others.   The very object of the section of the Code is fully met when seven bring the suit for themselves and the other 200.   And as to subdivision (4), we must overrule it.   There is no law which sanctions this proposition.

Second exception; subdivision (1), Surely the appellants cannot be in earnest in advancing the proposition that the acceptance of the resignation of an officer by their principal, without notice to the sureties, is an invasion of such

sureties' rights, and works a release to such sureties from the bond of their principal. We cannot regard the law as sustaining any such contention. But the appellants suggest that thereby the association made the retiring treasurer to hold the funds in his individual capacity, and thus freed the sureties. The complaint says the association accepted the resignation and elected a new treasurer, naming him. It also sets out that a demand for the funds belonging to the association has been made by such new treasurer and also by a committee; both of which demands have been ignored by Lilienthal and his sureties, and more than $4,000 of the funds of this association are withheld from it by Lilienthal. So as to subdivision (2) we see no merit in it.

Now as to the third exception. The case fails to disclose that any application was made to Judge Gary for leave to answer over. While we will not attribute error to Judge Gary in not allowing the two sureties to answer over, yet in the abundance of caution we will provide for permission for the sureties to answer, provided the answers are put in in twenty days after the remittitur reaches the Circuit Court.

It is the judgment of this Court, that the order of the Circuit Court be affirmed, with leave, however, to the defendants, Blohme and Pauls, to answer the original complaint within twenty days after the remittitur reaches the Circuit Court; but if they fail to answer then, the Circuit Court shall grant judgment against all three defendants.